No. 3856.—JAS. BREWER et als. *v.* A. M. KELLY, Administratrix, et als.

*An action by judgment creditors to annul a mortgage given by the judgment debtor on the ground that it is fraudulent and was given by the judgment debtor in fraud of their rights, is prescribed by one year. Revised Civil Code 1978.*

A PPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Miles Taylor, J. S. Whitaker* and J. *Calwell Pierce,* for plaintiffs and appellants. *Lea, Finney & Miller, Clarke, Bayne & Renshaw* and *Race, Foster & E. T. Merrick,* for defendants and appellees.

TALIAFERRO, J. This is an action by several judgment creditors of A. D. Kelly & Co., and A. D. Kelly and G. A. D. Kemper, *in solido,* to annul and set aside an act of mortgage executed by the late A. D. Kelly in favor of J. C. Patrick, to secure an indebtedness of eighty-nine thousand six hundred dollars. This act of mortgage, the plaintiffs aver, was executed in order to give an undue preference to other creditors of Kelly & Co., and in fraud of the rights of the plaintiffs and to their injury, the said Kelly being at the time insolvent and without means to discharge all his debts and liabilities.

The representatives of A. D. Kelly and J. C. Patrick with various persons designated as the preferred creditors, were made parties defendants. The defense is placed mainly on two exceptions pleaded in bar of the action—*res judicata* and the prescription of one year. There was judgment in the lower court in favor of the defendants and the plaintiffs have appealed.

It is contended by the plaintiffs that the facts presented by this case require that articles 2221 and 1978 of the Revised Code, should be construed together to determine the question of prescription. They allege that they discovered the fraud only in May 1870, and that, by the suits brought on many of the mortgage notes given by Kelly to

Patrick, by the holders of these notes, whose names had been previously concealed. That in such a case the prescription of one year is not applicable, prescription commencing to run in cases of error or deception from the day on which either was discovered. The plaintiffs show that they commenced this action within one year from May, 1870.

Articles 2221 and 1978 Revised Code both treat of rescission of contracts. But article 1978 and the succeeding articles of paragraph two of section six, have a special application to contracts made in fraud of the rights of creditors. The first clause of article 2221 clearly points out that the article 1978 and those that follow to 1994 inclusive, form an exception to the provisions of section 7, commencing with article 2221, and which treats "of the action of nullity or of rescission of contracts " That section commences by declaring that "in all cases in which the action of nullity or of rescission of an agreement is not limited to a shorter period by particular law, that action may be brought within ten years." But in cases of rescission of contracts made in fraud of the rights of creditors, the action is limited to a shorter period than ten years; it is limited to one year. Therefore, the provisions of section seven, treating of the action of nullity, etc., are not intended to be applied where creditors institute actions to annul contracts made in fraud of their rights. The article 2221 and those of the same section would seem intended to apply in the main, to causes for rescission that arise between the parties to the contract. Hence a longer term is allowed within which the action may be brought than where third persons are permitted to annul contracts to which they are strangers; for this right is accorded only where the complaining party has suffered injury by the fraud of his debtor, and he is limited to one year to commence his action. There is not in this respect, conceded to him so great a power as that granted to the parties themselves, and in its exercise he must comply strictly with the law. A creditor complaining that his debtor has made a fraudulent contract by which he has disposed of his property or given to others an undue preference over it to the injury of his creditors, seems not to have any good reason why he should be allowed ten years within which to bring his action to annul. The fraudulent transfer or incumbrance made by his debtor can not affect him unless made a matter of record. The creditor can not reasonably assert that the act has been concealed from him or that his debtor has kept him in ignorance of it, when it has been placed upon the public records. The creditors in the present case obtained judgments against their debtor and had them recorded within a few months after he executed the mortgage to Patrick. That act was then duly recorded in the proper office. It informed them that all the real estate of their insolvent debtor was mortgaged to Patrick, and that the mortgage had precedence of their judicial mortgages. They knew that Patrick was

a preferred creditor, if they did not know that the act gave preference to others. They chose to remain passive until December, 1869, four years after the mortgage to Patrick had been recorded, and then attacked it as a simulation. It was declared not to be a mere simulation as they alleged. They now sue to annul it as an actual though fraudulent contract, and allege that not until May, 1870, did they discover the fraud, and that by finding out that Kelly, Tackett & Ford, the Wallaces and Gordon, had possession of most of the mortgaged notes and had instituted suits upon them. They now set up that under the article 2221 construed with article 1978 prescrption would begin to run only from the time they discovered the names of the preferred creditors.

We think differently, and conclude that the prescription of one year under article 1978 Revised Code, pleaded by defendants, bars their action. It becomes unnecessary for us to consider the plea of *res judicata*.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.